FILED

MAR 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN LEE BARTHOLOMEW,

Petitioner - Appellant,

v.

RONALD VAN BOENING,

Respondent - Appellee.

No. 09-35103

D.C. No. 2:08-cv-00587-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted March 7, 2011
Seattle, Washington

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

Steven Lee Bartholomew appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus that challenged his Washington state

court convictions for kidnapping and attempted murder. A single issue has been

certified for appeal: whether the Washington trial court violated Bartholomew's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Sixth Amendment right to confrontation by allowing two witnesses to testify as to hearsay statements that the victim, Colleen Annyas, made soon after the alleged crime. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The Washington Court of Appeals' decision that Annyas's statements were not testimonial and thus not subject to the Confrontation Clause was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d). There is no clearly established Supreme Court precedent on whether and when statements made to someone other than law enforcement personnel are testimonial. *Michigan v. Bryant*, 562 U.S. ____, No. 09-150, 2011 WL 676964, at *9 n.3 (Feb. 28, 2011). Furthermore, under existing precedent, it is not unreasonable to conclude that an objective witness would not believe that statements would be available for use at a later trial, where the statements were made by a speaker suffering from the stress of a traumatic event for the purpose of explaining her unusual circumstances to strangers who had stopped to assist her. *See Davis v. Washington*, 547 U.S. 813, 822 (2006)*; Crawford v. Washington*, 541 U.S. 36, 52 (2004).

As a federal habeas court, we may not review the state court's decisions on matters of admissibility of evidence under state rules. *Winzer v. Hall*, 494 F.3d 1192, 1198 (9th Cir. 2007) ("State court rulings on the admissibility of evidence

2

generally fall outside the scope of federal habeas relief, which is designed only to remedy violations of federal law."); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  No established Supreme Court precedent suggests that the trial court's admission of hearsay statements under the excited utterances exception rendered Bartholomew's trial fundamentally unfair, as necessary to rise to the level of a due process violation that would warrant habeas relief.  *Id.* at 68–70.  The state court's appellate ruling was neither contrary to Supreme Court precedent, nor an objectively unreasonable application of it.  *See* 28 U.S.C. § 2254(d).

We deny Bartholomew's motion to expand the Certificate of Appealability pursuant to Ninth Circuit Rule 22-1 and decline to address the uncertified issues raised in his brief, as Bartholomew has not made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Bartholomew's motion for judicial notice is granted.

**AFFIRMED**.